Eastern District of Kentucky
FILED

JUL 15 2019

AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## CENTRAL DIVISION
## at LEXINGTON

**Civil Action No. 18-34-HRW**

**GINA WEBB,**                                  **PLAINTIFF,**

v.                 **MEMORANDUM OPINION AND ORDER**

**NANCY A. BERRYHILL,**
**ACTING COMMISSIONER OF SOCIAL SECURITY,**       **DEFENDANT.**

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final

decision of the Defendant denying Plaintiff's application for disability insurance benefits.

The Court having reviewed the record in this case and the dispositive motions filed by the

parties, finds that the decision of the Administrative Law Judge is supported by substantial

evidence and should be affirmed.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits on August 13, 2014,

alleging disability beginning in July 2014, due to spinal stenosis, neuroaminal stenosis,

degenerative disc disease and depression (Tr. 206). This application was denied initially and on

reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted

by Administrative Law Judge Jonathon Stanley (hereinafter "ALJ"), wherein Plaintiff,

accompanied by counsel, testified. At the hearing, Denise Cordes, a vocational expert

(hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-

step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled. Plaintiff was 50 years old at the time she filed her application. She completed once year of college and her past relevant work experience consists of work as a cashier / stocker at Wal-Mart, where she worked from 1995 until July 2014 (Tr. 207).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability.

The ALJ then determined, at Step 2, that Plaintiff suffers from degenerative disc disease of the cervical spine with cervicalgia; degenerative disc disease of the lumbar spine with neurogenic claudication, status-post laminectomy, foraminotomy and discectomy x2; lumbar facet mediated pain syndrome; status-post bilateral knew surgeries and obesity which he found to be "severe" within the meaning of the Regulations.

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any

2

of the listed impairments.

The ALJ further found that Plaintiff could perform to her past relevant work as a stock supervisor, cashier and sales attendant. The ALJ determined that she has the residual functional capacity ("RFC") to perform light work, with restrictions:

> [L]ifting/carrying 20 pounds maximum occasionally and 10 pounds maximum frequently except only frequently push/pull using the bilateral upper extremities; occasionally push/pull using bilateral lower extremities; occasionally climb ramps/stairs; never climb ladder, ropes or scaffolds; occasionally balance, stoop, kneel, crouch and crawl; frequently reach overhead bilaterally; occasionally operate foot controls; must avoid concentrated exposure to extreme cold, wetness and vibration; and cannot work at unprotection heights or around hazards such as heavy equipment.

(Tr. 25-36).

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner. Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by

3

substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

## B.    Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) he improperly concluded that Plaintiff could return to her past relevant work and (2) he did not properly consider the opinions of Plaintiff's treating physician, Rebecca Chatham, M.D. and her treating neurosurgeon, Robert Knetsche, M.D.

## C.    Analysis of Contentions on Appeal

Plaintiff's first claim of error occurs at Step Four of the sequential process. Specifically, she contends that ALJ did not conduct a function-by-function assessment of her ability to sit, stand or walk, as required by SSR 96-8p. She also argues that the ALJ erroneously found that she could return to her past relevant work because she actually performed that work at a medium level, not a light level, as assessed by the ALJ.

It is the claimant's burden at Step 4 of the sequential evaluation to show an inability to return to any past relevant work. *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir. 1980). The Act requires that a claimant show that his impairments are so severe that she is "unable to do [her]

4

previous work." 42 U.S.C. § 423(d)(2)(A).

SSR 96-8p implicitly requires an ALJ to consider all work-related limitations and functions in determining a claimant's non-exertional capacity. The rule does not require an ALJ to explicitly address Plaintiff's limitations with regard to every work-related function. SSR 96-8p. In *Delgado v. Commissioner of Social Security,* the Sixth Circuit rejected the claimant's argument that SSR 96–8p requires an ALJ to include a function-by-function discussion in his determination of the claimant's maximum capacity to perform each work-related activity. 30 F. App'x 542, 547–48 (6th Cir.2002). The court noted that, "[a]lthough a function-by-function analysis is desirable, SSR 96–8p does not require ALJs to produce such a detailed statement in writing." *Id.* at 548 (quotation marks and citation omitted); The court further opined that the ALJ is only required to articulate how the evidence of record supports the RFC determination, discuss the claimant's ability to perform work-related activities, and explain the resolution of any inconsistencies in the record. *Id. See also Rudd v. Comm'r of Soc. Sec.,* 531 F. App'x 719, 729 (6th Cir.2013).

A review of the ALJ's decision establishes that, contrary to Plaintiff's claim of error, the ALJ did consider Plaintiff's ability to sit, stand and walk. He discussed the various medical opinions in the record, which, in turn, included discussions in this regard. He also found that Plaintiff could perform "light" work, which includes in its definition requirements for standing, walking or sitting. In light of the Sixth Circuit's ruling in *Delgado*, it seems the ALJ's sufficiently considered Plaintiff's ability to be "on her feet." *See* 20 C.F.R. § 404.1567(b).

Plaintiff also maintains that the ALJ erred in finding that she could perform her past relevant work because he did not consider at what exertional level she actually performed her

job. She states that she actually performed her past relevant at a medium level and, as the ALJ restricted her to light level work, his finding is erroneous.

To support a finding that a claimant can perform her past relevant work, the Commissioner's decision must explain why the claimant can perform the demands and duties of the past job as actually performed **or** as ordinarily required by employers throughout the national economy. To proceed past step four, plaintiff "must prove an inability to return to [her] former **type** of work and not just to [her] former job". *Studway v. Secretary of Health and Human Services,* 815 F.2d 1074, 1076 (internal quotations omitted) (emphasis in original). "The relevant inquiry is whether [she] could still perform that type of work and not necessarily the specific job that [she] had in the past." *Clendening v. Commissioner of Social Security,* 482 Fed. Appx. 93, 96 (6th Cir. 2012).

As such, there is no error in this regard.

Plaintiff's second claim of error is that the ALJ did not properly consider the opinions of her Dr. Chatham and/or Dr. Knetsche. She claims that both physicians opined that she is unable to work.

However, the record establishes otherwise. In fact, neither physician found her to be unable to work.

Dr. Knetsche physician assistant, Justin Cecil, P.A., made a notation "patient off work until seen back for follow up." (Tr. 334). Yet, a full reading of Mr. Cecil's note reveals that this notation is a recording of Plaintiff's own statement, not a physician's opinion.

As for Dr. Chatham, her notes include a discussion of Plaintiff's intention to see FMLA leave, not an opinion that she is unable to work. (Tr. 401, 403).

6

Plaintiff also argues that the ALJ should have deferred to Dr. Knetsche opinion that she should not bend or twist or lift more than eight pounds.

Again, Plaintiff misstates the record. Those restrictions were given post-op, in the fall of 2014. Dr. Knetsche most recent opinion was rendered in August 2015, in which he stated that Plaintiff could lift 20-30 pounds. (TR. 534). As such, Plaintiff's argument has no merit.

## III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.

A judgment in favor of the Defendant will be entered contemporaneously herewith.

This _15th_ day of _July_, 2019.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge